In The United States District Court for the
Western District of New York
Buffalo Division

OTTO C. REINHARDT III

      Plaintiff,

v.

- ERIE County Holding Center,
- West Seneca Police Department,
- ERIE County Sheriff Timothy Howard
- Eric County Sheriff Deputy Jeffrey Hine,
- West Seneca P.D. Lieutenant Michael Bowery,
- West Seneca P.D. Officer Rodriguez,
- Under Sheriff MARK Wipperman,
- Superintendent Thomas Dina,
- Erie County Executive MARK Poloncarcz
- 6 Unidentified E.C. Sheriffs Deputies.

13 CV 0698-M

Civil action No. _____



UNITED STATES DISTRICT COURT
FILED
JUL 2 2013
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

Plaintiffs Original Complaint

To the Honorable United States District Court Judge:

Plaintiff OTTO C. REINHARDT III, acting Pro-Se, Files
this original Complaint against defendants ERIE County
Holding Center, West Seneca Police Department,
ERIE County Sheriff Timothy Howard, Erie County,
Sheriff Deputy Jeffrey Hine, West Seneca Police

OR3 p2
Complaint
U.S.D.C N N Y
Pro-Se

Lieutenant Michael Bowen,
West Seneca Police Department Officer Rodriguez,
Erie County Sheriffs Department Undersheriff MARK
Wipperman, Erie County Sheriffs Department Jail
Division Superintendant Thomas Diina, Erie County
New York Executive Mark Poloncarz, 6 Unidentified
ERIC County Sheriffs Deputies.

## Preliminary Statement

1.) This is an action for money damages
brought pursuant to 42 USC 1983 and 1988 to
redress the deprivation of Rights secured to the
plaintiff, OTTO C. Reinhardt III, by the 1ST
4Th, 5th, 6th, 8th and 14th Amendments to
The United States Constitution, and for violations
of the New York State Governmental tort Liability
Act, and other statutory and Common law of
the State of New York, by the defendants.

## Statement of facts

2) Plaintiff avers that the individually named
officer Rodriguez of the West Seneca Police

made an unreasonable seizure of the plaintiff, subjected the plaintiff to cruel and unusual punishment, deprived plaintiff of right to council during questioning and unlawfully interrogated plaintiff without the due process of law. Further that Lieutenant Michael Bowen of the West Seneca Police Department did harrass Plaintiff, threaten plaintiff, and deny release granted by officer Rodriguez on Disorderly Conduct Charge. Lieutenant Bowen did further attack plaintiff by using excessive force into jail cell @ West Seneca police department injuring plaintiff in the left back. The officers attempted to prevent plaintiff from seeking to Petition the State and Federal Government through civil litigation by falsely arresting, imprisoning and claiming plaintiff obstructed justice of government official, as well as claiming plaintiff was in need of psychiatric "Forensic Evaluation."

<u>Statement of facts</u>

p4 on3
USWDC

3.) In addition, plaintiff avers that Erie County Sherriffs Deputy Jeffrey Hine came to plaintiffs jail cell, Echo long #25 and said, "Your mine!", "Your a christian?", "Well I'm SATAN", and did put on gloves and punched plaintiff through the cell bars in the chest, further stating, "I'm the JoKeR", and kicked plaintiff in the left and Right arm repeatedly. Deputy Hine then told another officer to open my cell door and did come into my cell, and repeatedly punched plaintiff in the leg, stomach, and arms on the morning of October 7, 2012, at least 18 times.

4.) When asked by plaintiff for medical attention plaintiff was laughed at by multiple unidentified Erie County Sherriffs Deputies. When granted access to medical office, was intimidated by officer Hine who spoke to another deputy outside plaintiff's cell stating "who is on

P5
- U.S. WDC.

duty in the nurses office today". "He is going on 3
to have to have a talk with them and we
need to know what he says to them." afterwards
Deputy Hine again came to cell and wanted
to know what I said to the nurse, and
further wanted to know if I showed the
multiple contusions, in a very intimidating
manner, and further pulled out a "hooked
knife", held it up to the plaintiff and
said, "I'm the joker"."what did you say?"

5.) plaintiff was further tortured when
moved to cell 27 of SHto Long by
Unidentified Sargeant of Erie County
Sheriffs Department, along with 3 other
Deputies who took plaintiff to undisclosed
cell, made him kneel on ground, put
his head down, and did stand behind

plaintiff, Threatening a rape situation. the deputies further harrased plaintiff by throwing cups of urine on him and yelling "Now your wearing my piss," and further tortured plaintiff by demanding He remove his orange jumpsuit, throw it in the toilet, then remain nude in cell, soaked in urine overnight and all the next day. The plaintiff was also put into a cell that the toilet was plugged, and had no accesible water, and was denied food, causing the plaintiff to fear for his life.

6.) plaintiff also maintains that the individually named officers committed these violations and torts as a result of policies, customs, and procedures of the County of Erie, N.Y.

OR3 p7 USDCW

7.) In addition, plaintiff avers that the officiers named, assaulted, battered, humiliated, and tortured plaintiff, and that these same officers assisted one another in hiding the facts of the claims stated herein.

8) Plaintiff further claims that the County Executive, Erie County Sherriff and administration of the Erie County Holding Center are in violation of the agreement with the department of Justice to protect prisoners from life threatening conditions at Erie County, New York facilities, when the department of Justice filed in federal court, the Western district of New York, alleging that conditions at the facilities routinely deprive prisoners of Constitutional rights, failing to protect prisoners from harm through inadequate medical and mental Health care in 2009-2013.

OCR3 USDCW
P.8

9.) the plaintiff further claims he was denied access to medical staff for screening and assesment of comprehensive mental health care, as provided by qualified professionals and denied medication for unremittant grief, in a timely manner, causing mental and emotional anguish.

10.) plaintiff further avers that named officers subjected plaintiff to mental anguish and emotional distress, and maliciously prosecuted plaintiff by virtue of submitting false documents to the West Seneca Police Department and Court, and failing to disclose the entirety of the facts as reflected herein to the representative of the office of the District Attorney for Erie County N.Y.

11.) This is an action to redress the deprivation of rights secured to the plaintiff by the first, fourth, Fifth, Sixth, 8th Eighth and fourteenth amendments to the United States Constitution, and for violations of New York

CR 3   p 9
USDC way

Statutes and Common law. (Enforcable (through 42 U.S.C. § 1983)

12.) Venue is proper in this Court as all acts have taken place within Erie County, New York where the plaintiff resides and works.

~~13.)~~ a) Plaintiff is a resident of Erie County N.Y.

~~14.)~~ b) To the best of the plaintiffs knowledge, and belief, the individually named officers of the town of West Seneca, and Erie County, at the time of the events stated in this complaint, are residents of Erie County N.Y.

c) To the best of the plaintiffs knowledge, and Belief, the unknown and unidentified officers of West Seneca, and Erie County are residing of Erie County N.Y.

d). Erie County is a political subdivision of the State of New York.

of 13 USDC wny
P10

## The Parties

13.) At all times relevant to this cause of action, Plaintiff was a citizen of the United States in custody of Erie County Government and the West Seneca Police Department. In addition, Plaintiff was a "patient" of the Erie County Holding Center mental Health unit.

14.) at all times relevant to the cause of action the County of Erie is a political subdivision of the State of New York under the direction of Erie County Executive Mark Poloncarz, organized and existing under the laws of the State of New York.

a) The town of West Seneca finances its law enforcement department and provides rules and regulations for the operation of the department.

13.) The County of Erie N.Y. finances its P11 law enforcement department and provides Rules and regulations for the operation of the department of Erie County Sheriffs dept, Sheriff Tim Howard, The Erie County Holding Center, E.C.S.D. Jeffrey Hine, E.C.S.D. Undersheriff Mark Wipperman, E.C.S.D. Superintendant Thomas Dina, and all unidentified E.C.S. Deputies.

14.) c) The County provides oversight of the hiring, training, discipline and retention of all personell in its law enforcement department

15.) Specifically, and at all times relevant to the cause of this action, the County is responsible for the creation and maintenance of its Sheriffs department, which is the law enforcing agency under the New York state law and regulated by the laws of the State of new York as to:

P'2
On 3   USDC NNY

A) The training and certification of its law enforcement employees;

b). The safe confinement and treatment of prisoners placed within the custody of its individual officers and agents;

c) To create rules and regulations to properly identify officers who have a pattern that recurs itself of misconduct that would place its supervisory personnel on notice and the town of West Seneca on notice, and the county of Erie on notice of officers who are a threat to citizens within its Jurisdiction.

d) to not hire, retain, re-hire, or promote police officers who have recurring misconduct complaints.

e) At all times relevant to the action the individually and undistricted officers were employed by the West Seneca Police Department,

USDC WNY
on 3

and the Erie County Sheriffs Department in the State of New York, and acted under the color of law, statute, ordinance, regulation, custom, or usage. In addition;

a) at all times relevant to this cause of action the individually named officers, and the unidentified officers of the County of Erie acted in their official capacities as agents, servants, employees and deemed under New York State Code for the town of West Seneca, and the County of Erie, New York. Plaintiff sues these defendants in their official and individual capacities.

b.) Erie County Executive Mark Poloncarz oversees all departments of the County of Erie N.Y. Government.

c.) Erie County Sheriff Timothy Howard oversees all departments of the Erie County Holding Center and sheriffs Department; including all staff

P 14
OR3 USDCNNY

## Factual Basis of Complaint

16.) a) On Oct 5, 2012 @ 10:00pm, plaintiff was detained by West Seneca Police officer Rodriguez after plaintiff's car broke down in front of 74 Warren Avenue in West Seneca N.Y.

b) Plaintiff had called AAA Western N.Y. and a flat bed tow truck came to assist plaintiff with broken down Vehicle. Officer said AAA truck was blocking traffic... (there was none).

C.) West Seneca Police took plaintiffs vehicle, damage and destroyed in impound. so it could not be used again. The car, A 1999 Mercedes Benz C-230 had to be junked/donated as a result of West Seneca Police impounding/destruction.

17.) On Oct 5, 2012 @ 11:30 pm plaintiff was told he was "free to go." by officer Rodriguez

P 15 of 23
US DC nny

and told, "it's nothing, Just a violation."

18.) Plaintiff was then grabbed by officer Rodriguez, Re-Handcuffed to the wall and told, "but before you go, I have to have you see my Lieutenant."

19.) Lieutenant Michael Boven, arrived to plaintiff where he was handcuffed to the wall and said "One more word out of you and you are going in a cell," plaintiff said, "for what, I was Just told I was free to go" and Lt. Boven said yelled "That's it," your going into a cell and grabbed and pushed plaintiff. Upon entering cell he did again push plaintiff forcefully into the back of the cell injuring plaintiff against the sink/toilet, then denying medical care.

20) The Lieutenant yelled as he left, "Thats it, your getting another Charge." This was all while plaintiff was on his way to his son's football game.

21.) The next morning Plaintiff was taken before Judge Dale J. McCabe, who told plaintiff this was a mental Health issue and placed a $100 bail. Plaintiff requested to pay the bail, but was denied.

22.) after being taken to Erie County Holding Center plaintiff was unable to sleep due to fearing for his life.

23.) Without warning, Plaintiff was harrased, assaulted, threatened with sexual assault, intimidated, dowsed with Urine, had clothing taken away, and placed in a cell that was unclean, had a broken toilet and sink.

on 3 USDC way
p17

24.) Defendant Jeffry Hine is a very large man, while plaintiff is much smaller.

25.) Hine did punch, kick and threaten plaintiff with a hooked knife.

26.) Plaintiff tried to defend himself, but Deputy Hine was able to punch, and kick plaintiff hard.

27.) Within seconds of the beating by Deputy Hine, plaintiff laid on the floor in overwhelming pain in his arms, legs, and stomach requesting help from other guards. No one came!

28.) Plaintiff was denied access to medical care for internal injuries.

29.) Hine was directly and proximately responsible for the multiple contusions and bruises on plaintiff's arms, legs, torso.

P 18   USDC NY

30.) Deputy Hire hit plantiff with closed Fists and Kicked plantiff with his boots on atleast 18 times.

31.) Deputy Hire struck plantiff with Fists and boots atleast 18 times, which constitutes deadly force.

32.) all during the beating, plantiff said to Hire "Stop it,"

33.) Officers later came to Echo long cell #25 and took plantiff out, harrased him, attempted to put curses on him saying," Chris, put curses on him." Threw cups of Urine on him, took his clothes/Jumpsuit away, underwear, socks, Sneaker and left him nude in cell. One of the officers had chevrons of a Sargeant. He gave the orders to the others.

P/9 USDC
OR3

34.) The "Sargent" did nothing to
preserve the scene, or protect the plaintiff.

    a.) plaintiff filed complaint with the
    Professional Standards Division, offices they
    took the complaint where the unidentified
    Deputies were named. At the date of
    this complaint plaintiff cannot remember
    the deputies or Sargats names.

    b.) The knife pulled out by Deputy
    Hine was never mentioned, nor placed
    into evidence storage.

    c.) The gloves used by Deputy Hine
    were never mentioned, nor placed into
    evidence storage.

P 20 USDCNNY
OR3

35.) while waiting for medical attention
plantiff was mocked, jeered at, laughed
at and talked about while left nude,
deprived of shower, doused in Urine,
and not given food or water and had a
non-functioning toilet. When plantiff
verbally confronted Deputy Hine about
the assault he said "It never happened"
and "I don't know what your talking
about."

36.) Days later Deputy Hine came to the
plantiff's cell and said "Let me see those
bruises".

37.) West Seneca Town Court police were told
of the beating and shown the bruises when
plantiff was taken back to court — and did nothing.

P 21 USDCNNY

013

38.) At No time did plantiff receive or was given "Miranda" warnings or allow him the opportunity to obtain comsel.

32.) Erie County holding Center Staff, West Seneca Town Court staff failed to report the injuries and their understanding of the mechanism of the injuries to the Erie County Sherriff, West Seneca Police chief, even though they had a mandatory duty to report to law Enforcement injuries resulting from Criminal activity pursuant to N.Y.S. Penal Law.

40.) While still in Custody, Plantiff was guarded by officer Hine and other undentified officers from @ Oct 7, - 16 th. intimidating plantiff and causing him to fear for his Life.

p22 USDC WNY
or3

41.) At no time did West Seneca Police Dept., Erie County Holding Center Staff, Erie County Sheriffs Deputy or anyone from the county take any steps to remove, Hinc, and other unidentified in this complaint Deputies from plaintiff while plaintiff was housed at the holding Center @ 40 Delaware Avenue Buffalo, New York.

42) Plaintiff was not allowed out of his cell, for the whole time Kept at Erie County holding Center, except for brief showers, and brief walks in the Echo long block, and 2 or 3 Recreation periods, 24 Hours/day.

43) Plantiff was further scared and feared for his life, when inmate next to him was taken by same officers, (Dep. Mucke) and raped by them in an area with no cameras. The inmate yelled "Help me, somebody helped me," over and over, while the guards laughed and yelled racial slurs at him.

44.) Erie County Holding Center has a duty to care and ensure plantiff was not harmed by anyone while in its care;

   a) Erie County, the Sherrifs Department, the Jail division and mental Health Unit all breached the duty to protect plantiff when it took no action to remove or replace the officers who inflected the injuries on plantiff

on3   p24 USDcury

45)  Plaintiff further psychological abuse when after taken by Erie County Sherriffs Deputies to West Senrea town Court on @ 10/13/2012, he was taken with @ 15 other prisoners to the Alden Facility, told to sit against a wall while all other prisoners were walked in against an opposite wall facing plaintiff across an intake room, when Unidentified E.C.S. Deputy said, "I told all of you there was no talking on the way here, 4 of you are gonna take a hit for it, which 4 of you?" Numerous Inmates raised their hands. Plaintiff was taken alone by Deputies back to Erie County Holding Center, continuing to fear for his life.

46)  <u>Remedy</u>

Plaintiff asks for Remedy in the amount of $1,600,000.00 in Compensatory and punitive damages from defendants

# Affidavit

OR 3 p25
USDC WNY

I swear by penalty of perjury that the account written is true and factual. I further allege that the incidents described MAY be OR3 ~~is~~ an attempt by "organized crime" to discredit the plaintiff and MAY HAVE OR3 ~~has~~ political motives.

So Help me God,

Otto C M
July 2, 2013

Sworn to me on this
2nd day of July 2013
before me came Otto C. Reinhardt III.

Kathryn Bane

KATHRYN BANE
Lis. #01BA6243466
Notary Public-State of New York
Qualified in   Erie County
My Commission Expires   07/09/2015

Exhibit A/1





Exhibit A/2



