

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OTTO C. REINHARDT, III,

          Plaintiff,

          -v-

JEFFREY HINE, ET AL.,

          Defendants.

_____

DECISION AND ORDER
13-CV-0698M

On December 27, 2013, the Court (Hon. William M. Skretny) filed a Decision and Order which, *inter alia*, granted plaintiff permission to proceed *in forma pauperis*, dismissed with prejudice certain claims pled in the complaint, dismissed without prejudice certain state law claims pled in the complaint and directed plaintiff to notify the Court by February 7, 2014 of the status of the criminal charges at issue in the complaint so the Court could determine how to proceed under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wallace v. Kato*, 549 U.S. 384, (2007), with respect to the false arrest and malicious prosecution claims. (Docket No. 9, Decision and Order.) The Court needed to know the status of the criminal charges filed against plaintiff in the Town of West Seneca, New York because if plaintiff had been ultimately convicted of the charges filed against him and this civil action would impugn the validity of any such conviction, *Heck, supra*, the Court would be required to dismiss the false arrest and malicious prosecution claims pled in the complaint. If, however, the criminal charges were still pending, the Court would have the discretion to stay this action until the state court criminal proceeding had been concluded. If the state charges had been dismissed in favor of plaintiff, the action could proceed, absent some other bar to suit.

On February 13, 2014, the Clerk received a letter from plaintiff, noting that he had contacted the Court by telephone on February 7, 2014, and requested an extension of time to submit "motions and response to" the Decision and Order. (Docket No. 11.) The letter stated that the "case in West Seneca is over with and there are no more criminal charges." (*Id.*) Plaintiff also noted that he needed more time to identify the six John Doe Erie County Deputy Sheriffs who allegedly assaulted and harassed him at the Erie County Holding Center and to research the case law before he proceeds. On March 3, 2014, the Court (Hon. Michael A. Telesca) noted that simply apprising the Court that the case in West Seneca was "over" was an insufficient response for purposes of determining how the Court should proceed under *Heck* and *Wallace, supra*, and the Court thus granted plaintiff an extension of time up to and including March 27, 2014:

> to fully apprise the Court of the status of the charges that were filed against him, including whether the charge or charges on which plaintiff was arraigned remain outstanding, have been dismissed, or have resulted in a conviction or some other disposition (*i.e.*, how were the charges resolved specifically), and, if he was convicted on [one] or more of the charges, what charges was he convicted on and the status of any appeal from the conviction or any post-conviction motions filed.

As set forth in the Decision and Order, filed December 27, 2013, plaintiff's complaint appeared to allege, in addition to others, claims of false arrest (or false imprisonment) and malicious prosecution against defendant Officer Rodriquez, the officer who arrested plaintiff, and Lt. Bowen, Rodriguez's supervisor who did not allow plaintiff to leave after Rodriquez had told plaintiff he was free to go and who told plaintiff he was going to file another charge against him. (Docket No. 9, Decision and Order, at 11-13.) Because plaintiff's claims could implicate the delayed accrual rule of *Heck*, 412 U.S. at 486-87 (a § 1983 claim for damages must be dismissed if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, unless that conviction or sentence has already been invalidated: "A claim for damages bearing that relationship to a conviction or sentence that

has *not* been so invalidated is not cognizable under § 1983[,]") or the modification to such rule set forth in *Wallace*, 549 U.S. at 394-95,[1] the Court needed to know the status of the criminal charge(s) brought against plaintiff in West Seneca. The Court, therefore, provided plaintiff an extension of time and directed him to apprise the Court of the status of the criminal charge(s). (Docket No. 9, Decision and Order, at 13; Docket No. 12, Order, at 2-3.)

On April 3, 2014, plaintiff filed a response to that Order (Docket No. 12) in the form of a "Motion to Proceed." (Docket No. 13.) The Motion stressed plaintiff's status as a *pro se* litigant and that plaintiff has provided enough notice to defendants to allow the complaint to proceed at this time. With respect to the status of the criminal charges that were lodged against him, plaintiff again fails to provide the Court with the necessary information--which he certainly must have knowledge of-- relating to how and if those charges were resolved. He again states that the "case with West Seneca Police Department was and is **over**" and that he "served 25 hours of community service." (Docket No. 13, Motion to Proceed, at 9 (emphasis supplied in original).) Plaintiff, while again indicating the criminal proceedings have been concluded, does not, as directed, indicate whether the charges had been dismissed, or resulted in a conviction or some other disposition (*i.e.*, how were the charges resolved specifically), and, if he had been convicted on or more of the charges, on what charges had he been convicted. By indicating that he served 25 hours of community service, it may be presumed that plaintiff was in fact convicted of something, but without knowing that for certain and what charge(s) he was convicted of,

---

[1] "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S at 394-95. *See also Jovanovic v. City of New York*, 2008 WL No. 04 CV 8437(PAC), at *2 (S.D.N.Y. Feb. 7, 2008) ("In lieu of allowing the [false arrest] claim to accrue indefinitely, the Supreme Court found it more desirable to force a petitioner to bring a false arrest claim within three years of arraignment (or other commencement of legal process), and to permit the district court faced with the action to stay the matter until any ongoing underlying criminal proceedings were resolved, thus eliminating the possibility of inconsistent judgments.").

the Court is still not able to make a determination as to whether the false arrest and malicious prosecution claims are barred under *Heck*. Because the criminal case is "over" there would be no basis for a stay under *Wallace,* but if plaintiff was convicted his false arrest and malicious prosecution claims would need to be dismissed. See *Heck*, 412 U.S. at 486-87; *see also Wallace*, 549 U.S at 394-95 ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.")[2]

Despite plaintiff's attempts to comply with the Court's prior Orders requiring him to advise the Court of the status of the criminal charges at issue and how, specifically, the charges were resolved, he has not provided the Court with the information necessary for the Court to determine whether the false arrest and malicious prosecution charges must be dismissed or may proceed against Officer Rodriguez and Lt. Bowen under *Heck*. Due to plaintiff's *pro se* status and the special solicitude the Court must give to *pro se* litigants, *see Murray v. Fischer*, 820 F. Supp. 2d 472, 473 (W.D.N.Y. 2011 (citations omitted), plaintiff will be provided one last and final opportunity to fully apprise the Court of how the charges filed against him in West Seneca were resolved. Plaintiff's response to this Order must state specifically whether the charge or charges on which he was arrested were dismissed in his favor, or resulted in a conviction, which appears to be the case, or some other disposition (*i.e.*, how were the charges resolved specifically), and, if he was convicted on one or more of the charges, what charges he was convicted on, and the status of any appeal from the conviction or any post-conviction motions filed. Accordingly,

---

[2]Plaintiff's Motion to Reopen also asks the Court to reconsider the dismissal of his claims against the municipal entities (Erie County Holding Center and West Seneca Police Department) and supervisory officials (Timothy Howard, Mark Wipperman, Thomas Dina and Mark Polancarz), which the Court declines to do because plaintiff has provided no basis for such reconsideration. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice.)

IT IS HEREBY ORDERED that plaintiff will be granted one last and final extension of time to fully and specifically apprise the Court of how the charges against him were finally resolved or the false arrest and malicious prosecution claims against Officer Rodriguez and Lt. Bowen will be dismissed;

FURTHER, plaintiff shall, no later than **May 20, 2014**, notify the Court **in writing** of the actual resolution of the criminal charge(s) at issue in the complaint and state, specifically, (1) whether the charge(s) on which he was arrested on October 5, 2012 was dismissed, resulted in a conviction or some other disposition (in other words, how were the charges resolved specifically), and (2) if he was convicted on one or more of the charges, what charge or charges was he convicted on and the status of any appeal from the conviction or any post-conviction motions filed;[3]

FURTHER, that in the event plaintiff fails to respond to this Order as directed above, the false arrest and malicious prosecution claims against Officer Gonzalez and Lt. Bowen will be dismissed without prejudice and the Clerk of the Court shall cause the U.S. Marshals Service to serve the summons and complaint on Lt. Michael Bowen and Deputy Sheriff Jeffrey Hine regarding the remaining claims alleging the use of excessive force and denial of medical care as against Bowen, and the use of excessive force, denial of medical care and unconstitutional conditions of confinement as against Hine, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

SO ORDERED.

Dated: April 15, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

---

[3] Plaintiff must state more than the "case is over," and he must provide the information specifically requested herein regarding how the charges were resolved ultimately.